IN RE ESTATE OF LORNE A. FOOTE, DECEASED. MARGARET E. SCHISSLER, APPELLANT, v. DOROTHY R. FOOTE, CO-EXECUTRIX OF THE ESTATE OF LORNE A. FOOTE, DECEASED, AND JAMES R. McGREEVY, ADMINISTRATOR, C.T.A., APPELLEES.

279 N. W. 2d 614

Filed June 5, 1979. No. 41903.

James P. Miller, for appellant.

Harry L. Welch of Gross, Welch, Vinardi, Kauffman, Day & Langdon, for appellees.

Heard before KRIVOSHA, C. J., McCOWN, and BRODKEY, JJ., and RICHLING and CLARK, District Judges.

RICHLING, District Judge.

Lorne A. Foote died on March 3, 1977, leaving a last will and testament which devised a sum to his sister, Mrs. Margaret Foote Schissler, and the re-

mainder to his wife, Dorothy R. Foote. The will named the widow and the sister as co-executrixes, with the provision that should one of them predecease him, or decline for any reason to serve, the other would act alone as executrix.

On March 9, 1977, the sister filed a petition in county court for formal probate of the will, determination of heirs, and appointment of personal representative. The petition was duly noticed for hearing. Evidentiary hearing was had on April 21, 1977, before one of the judges of the county court of Douglas County, Nebraska. The widow and the sister appeared, together with their respective counsel. Both the widow and sister gave testimony. The bill of exceptions discloses that, at the termination of the testimony, adjournment was had without ruling, determination, or comment from the court.

No objection was filed to the probate of the will, nor to the appointment of either the widow or the sister of the deceased as executrix or co-executrix. In their testimony each indicated their willingness to serve as co-executrixes.

The testimony disclosed that during the lifetime of the deceased he had rented two bank safe-deposit boxes. One was in joint tenancy with the wife, and one with his sister.

The widow testified that on March 4, the day after the decedent's death, she went to the box that was jointly in their names and removed the abstract to some rental real estate and certain bonds, all of which were in joint tenancy.

The sister testified that on March 4 she went to the box, which was in joint tenancy with the right of survivorship in her name and that of the decedent, and removed some diamond earrings which had been her mother's and which she had placed in the box about 2 years before, as well as an envelope on which, she testified, was the legend, in the decedent's handwriting, "Personal Property of Margaret

Schissler" and which contained $1,000 in cash. She testified that she furnished part of the cash to the decedent and he had furnished the balance and placed it in the box. The box contained other items which were in the name of the decedent. These she did not remove. Both the widow and the sister expressed a willingness to have the respective boxes examined and inventoried.

The record in this case indicates that no further filings or hearings were had. On April 29, 1977, a different judge of the county court of Douglas County, Nebraska, entered an order admitting the will to formal probate and making a determination of heirs. The order further provided, "The Court also finds that the Co-Executrixes named in Decedent's Will are not suitable to serve together" and appointed a third person as personal representative of the decedent's estate in unsupervised administration with bond fixed. On the same day, the judge that signed the order aforesaid signed an additional order wherein it was recited that the court on its own motion ordered that no person other than the appointed personal representative be allowed access to either safe-deposit box except in the presence of said personal representative.

On May 6, 1977, Margaret Schissler filed objections to the appointment of the named personal representative. The transcript fails to disclose the disposition, if any, of said objection. However, on May 19, 1977, Margaret Schissler filed notice of appeal to the District Court.

The District Court upon review of the court file and transcript of testimony taken in county court found that the petition on appeal of Margaret E. Schissler should be dismissed and the cause remanded to the county court for further proceedings. Order was entered accordingly. Timely appeal was taken to this court.

Section 30-302, R. R. S. 1943, was repealed and re-

placed by section 30-2412, R. R. S. 1943, which became operative on January 1, 1977. Section 30-2412 provides: "(a) Whether the proceedings are formal or informal, persons who are not disqualified have priority for appointment in the following order: (1) the person with priority as determined by a probated will including a person nominated by a power conferred in a will; (2) the surviving spouse of the decedent who is a devisee of the decedent; (3) other devisees of the decedent; (4) the surviving spouse of the decedent; (5) other heirs of the decedent; * * *."

However, subsection (f) provides: "No person is qualified to serve as a personal representative who is: (1) under the age of nineteen; (2) a person whom the court finds unsuitable in formal proceedings."

Subsection (b) of section 30-2412, R. R. S. 1943, provides: "An objection to an appointment can be made only in formal proceedings. In case of objection the priorities stated in (a) apply except that (1) * * *; (2) in case of objection to appointment of a person other than one whose priority is determined by will by an heir or devisee appearing to have a substantial interest in the estate, the court may appoint a person who is acceptable to heirs and devisees whose interests in the estate appear to be worth in total more than half of the probable distributable value or, in default of this accord, any suitable person."

The county court's order of April 29, 1977, did not find in formal proceedings either the widow, Dorothy Foote, or the sister, Margaret Schissler, unsuitable to serve as personal representative of the estate, but only that they were not suitable to serve together. There was no recitation of cause or findings as to the basis of the finding that they were unsuitable to serve together. The record discloses neither a recommendation nor acceptance, by the heirs and devisees, of the stranger appointed as personal representative.

We find that the county court of Douglas County, Nebraska, in its order of April 29, 1977, appointing James R. McGreevy as personal representative of the decedent's estate, rather than the widow, Dorothy Foote, or the sister, Margaret Schissler, to serve as executrix or the two of them to serve as co-executrixes was in error.

The order of the District Court for Douglas County, Nebraska, is reversed and the cause remanded for further proceedings with directions to vacate the order of the county court and remand the cause in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.